**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | | |
|---|---|---|
| **HANDS-ON CONSTRUCTION, Inc.** ) | | |
| 515 Dorchester Rd, ) | | |
| Baltimore, Maryland 21228, | | |
| Baltimore County, ) | | CIVIL ACTION NO. |
| ) | | 14-CV- |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| **HANDS ON PAINTERS, Inc.** ) | | |
| 4503 Leeds Avenue ) | | |
| Baltimore, Maryland 21229, | | |
| Baltimore County, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

**COMPLAINT**

Plaintiff, Hands On Construction, Inc. ("Plaintiff"), alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

**NATURE OF THE ACTION**

1. This is a civil action for Trademark Infringement, Service Mark Infringement, and unfair competition under the Lanham Act, and/or Maryland statutory and common law. Plaintiff seeks equitable and monetary relief from Hands On Painters, Inc. ("Defendant") for willful violations of Plaintiff's trademark and service mark rights in its Federally registered HANDS-ON service mark.

2.  Defendant has been offering for sale, selling, and promoting goods and services for home owners and other customers under the "Hands On Painters" name in violation of Plaintiff's service mark rights in the same geographical territory and to the same market segment. Over the years, Defendant has expanded business, sales, and advertising/promotions exponentially infringing Plaintiff's Federally registered service mark.  Among other things, Defendant has started using the "Hands On Painters" mark prominently on work trucks and has featured Plaintiff's mark in its advertising work trucks emblazoned with the infringing "Hands On Painters" mark.  As a result of Defendant's use of "Hands On Painters" in connection with its products, activities, and promotions, consumers are likely to believe Defendant and/or its products are made, approved, or licensed by Plaintiff.

## PARTIES

3.  Plaintiff Hands-On Construction, Inc. ("Plaintiff") is a Maryland corporation with a principal place of business at 515 Dorchester Rd., Baltimore, Maryland 21228.

4.  Defendant Hands On Painters, Inc. ("Defendant") is a Maryland corporation with a principal place of business at 4503 Leeds Avenue, Baltimore, Maryland 21229.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  The Court has supplemental jurisdiction over Plaintiff's state-

law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its Federal claims and arise out of the same case or controversy.

6. This Court has general personal jurisdiction over Defendant based on its continuous and systematic contacts with Maryland, including its offering of services in Maryland and by virtue of Defendant being a Maryland corporation.

7. This Court has specific personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business in Maryland and surrounding regions. Defendant (directly or through authorized agents) offers services and advertisements bearing the marks that are the subject of this lawsuit in Maryland and uses those marks to promote and advertise its services and/or products in Maryland. Plaintiff's claims arise, in part, out of Defendant's contacts with Maryland.

8. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims have occurred and are continuing to occur in this District and Plaintiff's Federally registered service mark at issue is located in this District, where both Plaintiff's and Defendant maintain their principal place of business.

**FACTS**

9. Plaintiff is a construction services company that serves the Baltimore metropolitan area and surrounding regions including the entire State of Maryland and surrounding States.

10.  Since at least as early as 1988, Plaintiff has continuously used and promoted the HANDS-ON name/mark for construction services including renovation, remodeling, maintenance, and repair as seen for example in a screenshot of Plaintiff's services attached as Exhibit A.

11.  Plaintiff has sold tens to hundreds of thousands of dollars worth of services under the HANDS-ON mark.  Those services are promoted, advertised, offered for sale, and sold throughout the Baltimore metropolitan area and surrounding regions including the State of Maryland and surrounding States.

12.  Reflecting its significant growth and expansion over the years, Plaintiff owns a Federal Service Mark Registration for its HANDS-ON mark including services in International Class 37.

13.  Spanning at least three decades, Plaintiff has invested time and money in advertising and promoting its HANDS-ON Mark and services to the general public.  Plaintiff has widely and extensively promoted its HANDS-ON Mark and services through virtually every available type of media, including but not limited to print publications, signage, and the Internet.

14.   Plaintiff owns the following valid and subsisting U.S. Federal Trademark Registration No. 4,334,265 for its HANDS-ON mark. (a copy of Plaintiff's Federal Registration is attached as Exhibit B).

15.  Since at least as early as its incorporation, Plaintiff has consistently and continuously provided construction services to the general public including but not limited to renovation, remodeling, maintenance and repair.

16.  More than 9 years after Plaintiff had been in business, on October 23, 1997, Defendant became an incorporated business in Maryland.

17. Shortly after Defendant became incorporated in Maryland, Plaintiff contacted the Maryland Department of Assessments and Taxation to inquire how Defendant could be validly registered in Maryland in light of the similar names.

18. Plaintiff was informed by the Maryland Department of Assessments and Taxation that the companies were able to co-exist because Plaintiff was a general contractor and Defendant's services were limited to painting.

19. Recently, Plaintiff has become aware that Defendant obtained an MHIC number 70338 signifying Defendant's ability to offer and perform an array of services, the majority of which overlap with those services offered by Plaintiff and claimed in Plaintiff's Service Mark Registration (Exhibit B).

20. As soon as Plaintiff became aware of Defendant's expansion of services, Plaintiff contacted Defendant notifying Defendant of Plaintiff's Service Mark Registration and indicating that continued use of "HANDS ON PAINTERS" for construction-type services constitutes infringement of Plaintiff's Federally-Registered Service Mark.

21. The parties have engaged in dialogue with one another individually and in the presence of legal counsel in an attempt to amicably resolve the dispute over usage of the name "HANDS ON PAINTERS" without any resolve, given the overlapping nature of the services.

**Defendant and Its Wrongful Activities**

22.  Without Plaintiff's authorization and approval, Defendant has been offering, selling, and promoting home improvement goods and services including "installing trim and moldings (crown, shadow boxes and chair rail), Drywall and water damage repair, Ceramic Tile Installation, Updating fixtures and hardware, Finish carpentry, Rotten wood repair, Install tile (bathroom & kitchen), Install tub surrounds, Light electrical & plumbing, Downspout & gutter alignment, Re-screen porches and windows, Install crown molding & chair rails, Hang shelving, large artwork, and anchors, Install vanity, faucets, and bathroom fixtures; Sanding, scraping, caulking, puttying, Power washing (siding, decks, sidewalks and driveways); Staining and sealing (decks and homes); Cedar treatment/staining (siding and decks); Wood replacement (rotten wood); Resurface older decks with composite material; Reinforce older decks to meet current building standards; Drywall repair; Repair water and smoke damage; Repair and replace broken doors; Rehang light fixtures; Light plumbing; All Carpentry; Demo[lition] and hauling...", most of such services being related to renovation, remodeling, maintenance and repair services, all being promoted under the HANDS ON PAINTERS name as seen in EXHIBIT C of their Services webpage on the internet.

23.  Over time, Defendant has expanded its business from merely painting to include construction-type services and has applied for and received a Maryland Home Improvement Commission Number : #70338 giving Defendant the rights to perform general contracting services which enable Defendant to perform services falling within the services provided by Plaintiff as defined in Plaintiff's Federally Registered service mark.

24. Defendant's infringing products/services are available through identical or at least similar retail channels as Plaintiff's HANDS-ON services, including Google Maps, Bing local search, signage and the like.

25. Plaintiff has repeatedly asked Defendant to stop its infringing conduct, but Defendant has refused.

26. Fully aware of Plaintiff's rights, Defendant has acted knowingly, willfully, and in reckless disregard of those rights.

## INJURY TO PLAINTIFF AND THE PUBLIC

27. Defendant's unauthorized use of the HANDS-ON mark is likely to cause confusion, mistake, and deception as to the source or origin of Defendant's products, and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its products, and/or its commercial activities with Plaintiff.

28. Defendant's acts, described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Plaintiff and its HANDS-ON Mark.

29. Defendant's acts, described above, have irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under
### Section 32(1) of the Lanham Act,  15 U.S.C. § 1114(1)

30.  Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 29 of this Complaint.

31.  Without Plaintiff's consent, Defendant used and continues to use in commerce reproductions, copies, and colorable imitations of Plaintiff's Federally registered HANDS-ON Mark in connection with the offering, distribution, and advertising of goods, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM FOR RELIEF

### Trademark Infringement, False Designation
### of Origin, Passing Off, and Unfair Competition
### Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

32. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 31 of this Complaint.

33.  Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Plaintiff, its services, and/or its commercial activities by or with Hands-On, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## THIRD CLAIM FOR RELIEF

**Trademark Infringement Under
Md. Code Bus. Reg. § 1-414 *et seq.***

34. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 33 of this Complaint.

35. Defendant's use, without the consent of Plaintiff, of a reproduction and/or colorable imitation of Plaintiff's Federally registered HANDS-ON Mark in connection with the sale, offering for sale, and/or advertising of goods or services, is likely to cause confusion, or to deceive as to the origin of the goods or services, and thus constitutes trademark infringement in violation of Md. Code Bus. Reg. § 1-414 et seq.

36. Defendant's reproduction and/or colorable imitation of Plaintiff's Federally registered HANDS-ON Mark and application of that reproduction and/or colorable imitation to Defendant's advertising, labels, prints, receptacles, signs, or trucks that are intended to be used with goods and/or services and/or in conjunction with the sale or other distribution of goods and/or services in Maryland constitutes trademark infringement in violation of Md. Code Bus. Reg. § 1-414 et seq.

## FOURTH CLAIM FOR RELIEF

**Trademark Infringement, False Advertising, and Unfair Competition
Under Maryland Common Law**

37. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 36 of this Complaint.

38. Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant, its products, and its commercial activities by or with Plaintiff such that Defendant's acts constitute infringement of Plaintiff's proprietary rights in its HANDS-ON Mark, misappropriation of Plaintiff's goodwill in those marks, and unfair competition under Maryland Common Law.

39. Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce which, in commercial advertising and promotion materially misrepresent the nature, characteristics, and qualities of Defendant's services and/or products and constitute false and deceptive advertising under Maryland Common Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A. An Order declaring that Defendant's use of the HANDS ON PAINTERS mark infringes Plaintiff's HANDS-ON Mark and constitutes unfair competition under federal and/or State Law, as detailed above;

B. A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

      1.      From using, registering, or seeking to register Defendant's HANDS ON PAINTERS mark in any form, including but not limited to and in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to any of Plaintiff's HANDS-ON Marks and/or dilutive of Plaintiff's HANDS-ON mark;

      2.      From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Plaintiff or sponsored by or affiliated with Plaintiff in any way;

      3.      From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs B(1)-(2);

C.      An Order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, vehicle signage, clothing, electronic media, and/or any other materials and things that contain or bear Defendant's HANDS ON PAINTERS mark or any other marks, logos, designs, designations, or indicators that are confusingly similar to or dilutive of Plaintiff's HANDS-ON mark;

D.      An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on Plaintiff's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

E.      An Order requiring Defendant to account for and pay to Plaintiff's any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. §1-414 et seq.;

G.      An Order requiring Defendant to pay Plaintiff's damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. §1-414 et seq.;

H.      An Order requiring Defendant to pay Plaintiff's all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

I.      An Order requiring Defendant to pay Plaintiff's punitive damages for trademark infringement and unfair competition under Maryland common law; and

J.      Other relief as the Court may deem appropriate.

Dated: November 7, 2014           Respectfully submitted,

/s/
Morton J. Rosenberg (Bar No. 02867)
/s/
Nicole Blondell Rackiewicz (Bar No. 18863)

Rosenberg, Klein, & Lee
3458 Ellicott Center Drive Suite 101,
Ellicott City, MD 21043
(410) 465-6678 (phone)
(410) 461-3067 (fax)
Email: RKL@rklpatlaw.com
Attorneys for Plaintiff
Hands-On